IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>    Plaintiff,<br><br>  and<br><br>GREGORIO AGUILA, *et al.*<br><br>    Plaintiffs-Intervenors,<br><br>  v.<br><br>EVANS FRUIT CO., INC.<br><br>    Defendant,<br><br>  and<br><br>JUAN MARIN and ANGELITA MARIN, a marital community,<br><br>    Defendants-Intervenors. | NO. CV-11-3093-LRS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**BEFORE THE COURT** is Defendant Evans Fruit Co., Inc.'s Motion For Reconsideration Of Order Reinstating Plaintiffs' Claims On Behalf Of Gregorio Aguila (ECF No. 299). This motion is heard without oral argument.

**I. BACKGROUND**

Defendant asks this court to reconsider its August 21, 2013 "Order Re Motion For Reconsideration, *Inter Alia*" (ECF No. 291) which reinstated the Title VII and

**ORDER DENYING MOTION FOR RECONSIDERATION-    1**

WLAD retaliation claims of Gregorio Aguila against Defendant based solely on alleged threats made by Alberto Sanchez. Pursuant to that order, the court denied reconsideration of all other retaliation claims by all of the other EEOC claimants and Plaintiffs-Intervenors, including Aguila's claims to the extent based on alleged threats made by Defendant-Intervenor Juan Marin. The court vacated the Judgment (ECF No. 257) it entered pursuant to its April 19, 2013 "Order Re Summary Judgment Motions" (ECF No. 256) which granted summary judgment to Defendant Evans Fruit and Defendants-Intervenors Juan and Angelita Marin on all retaliation claims by all EEOC claimants/Plaintiffs-Intervenors. Pursuant to Fed. R. Civ. P. 54(b), the court directed entry of a new final judgment in favor of Defendant Evans Fruit and Defendants-Intervenors Marin on the retaliation claims of Aurelia Garcia, Wendy Granados, Ambrocio Marin, Cirilo Marin, Angela Mendoza, Francisco Ramos, Elodia Sanchez, Gerardo Silva and Norma Valdez, and in favor of the Marins on the claims of Gregorio Aguila. That Judgment was entered on August 21, 2013. (ECF No. 293).

Defendant Evans Fruit filed its Motion For Reconsideration (ECF No. 299) on October 18, 2013, just two days prior to expiration of the 60 day period for the parties to take an appeal from the Judgment entered on August 21, 2013. Plaintiff EEOC and Plaintiffs-Intervenors filed their Notices of Appeal on October 21, 2013 (ECF Nos. 304 and 313), and on October 24, 2013, the Ninth Circuit issued briefing schedules for those appeals (ECF Nos. 316 and 317).

## II. DISCUSSION

Defendant Evans Fruit contends Plaintiffs' Joint Motion For Reconsideration Of Order Re Summary Judgment Motions (ECF No. 279), which resulted in the August 21, 2013 "Order Re Motion For Reconsideration, *Inter Alia*," failed to comply with Fed. R. Civ. P. 60(b) and was therefore, procedurally defective. While

**ORDER DENYING MOTION FOR RECONSIDERATION- 2**

Plaintiffs' motion did not identify the particular civil rule on which it was based, the court properly treated the motion as one brought pursuant to Fed. R. Civ. P. 59(e) (Motion To Alter Or Amend Judgment). Plaintiffs filed their motion within 28 days of the Judgment entered on April 19, 2013, as required for a Rule 59(e) motion, and this court evaluated the motion pursuant to the standards applicable to Rule 59(e) motions. (See ECF No. 291 at p. 2). From the analysis contained in the court's August 21, 2013 "Order Re Motion For Reconsideration, *Inter Alia*," it is apparent the court concluded it clearly erred in determining there was no admissible evidence to support Gregorio Aguila's retaliation claims against Evans Fruit based on alleged conduct by Alberto Sanchez.

Evans Fruit asserts its Motion For Reconsideration is properly before the court pursuant to Fed. R. Civ. P. 60(b)(6). In relevant part, Rule 60(b) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief." "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*. In *Alpine Land & Reservoir, Co.*, the Ninth Circuit noted as follows:

> Our review of cases in this and other circuits illustrates that the courts of appeal have heeded the Supreme Court's admonitions regarding Rule 60(b)(6); such relief is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief. Although the timeliness of a Rule 60(b)(6) motion "depends on the facts of each case," relief may not be had where "the party seeking reconsideration has ignored normal legal recourses." [Citations omitted]. These cases demonstrate that Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and the circumstances

**ORDER DENYING MOTION FOR RECONSIDERATION-    3**

> beyond its control prevented timely action to protect its interests.

*Id.*

Since *Alpine Land & Reservoir, Co.* was decided in 1993, other circuits have continued to heed the Supreme Court's admonitions regarding Rule 60(b)(6), and in particular using it in a fashion to bypass Rule 59(e). In *Hertz Corporation v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1128 (11th Cir. 1994), the 11th Circuit observed:

> Rule 60(b)(6) is reserved for instances of genuine injustice, and does not permit a party or a judge to circumvent the clear commands of Rules 6(b) and 59(e). Rule 6(b) forbids a court to enlarge the time within which a Rule 59(e) motion may be served; condoning the trial court's use of Rule 60(b)(6) would serve to undermine finality . . . and defeat the ends of Rules 6(b) and 59(e).

In *Aikens v. Ingram*, 652 F.3d 496, 500-01 (4th Cir. 2011), the 4th Circuit observed:

> [W]e have repeatedly instructed that only truly "extraordinary circumstances" will permit a party successfully to invoke the "any other reason" clause of [Rule] 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved. [Citation omitted]. To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend judgment be filed no later than 28 days after entry of judgment); Rule 6(b)(2)(providing that a court may not extend the time to file motions under Rules 50(b), 50(d), 52(b), 59(b), 59(d), 59(e) and 60(b); and Federal Rule of Appellate Procedure 4(a) (requiring generally that appeals be filed within 30 days after judgment).

Defendant Evans Fruit could have filed a Rule 59(e) Motion To Alter Or Amend Judgment within 28 days of the Judgment entered on August 21, 2013 (ECF No. 293) pursuant to the "Order Re Motion For Reconsideration, *Inter Alia*" (ECF No. 291). It did not do so, opting instead to wait nearly 60 days to file a Rule 60(b)(6) motion. The recent U.S. Supreme Court decisions on which Defendant relies in its motion- *Vance v. Ball State University*, ___ U.S. ___,133 S.Ct. 2434

**ORDER DENYING MOTION FOR RECONSIDERATION-    4**

(2013), and *University Of Texas Southwestern Medical Center v. Nassar*, ___ U.S. ___, 133 S.Ct. 2517 (2013), were decided on June 24, 2013. As such, those decisions were available to Defendant after this court entered its August 21, 2013 "Order Re Motion For Reconsideration, *Inter Alia*" and could have been part of a timely Rule 59(e) Motion To Alter Or Amend Judgment filed within 28 days of the final judgment entered pursuant to that order. In sum, all of the grounds upon which Defendant seeks reconsideration via a Rule 60(b)(6) motion could have been presented to the court via a timely filed Rule 59(e) motion. Extraordinary circumstances did not prevent Defendant "from seeking earlier, more timely relief" and justify ignoring "normal legal recourses." There were no circumstances beyond Defendant's control preventing it from taking timely action to protect its interests. Moreover, Defendant cannot show injury because it retains an opportunity in the future to present its arguments that Aguila's retaliation claims should not proceed to trial[1], specifically that being when the pending appeal to the Ninth Circuit is concluded, assuming the circuit agrees this court's certification of its judgment pursuant to Rule 54(b) was proper.[2]

///
///
///
///

---

[1] Defendant acknowledges that its arguments can be heard "after the Court's stay is lifted."

[2] If the Ninth Circuit reinstates Aguila's claims against Evans Fruit based on alleged conduct by Juan Marin, this will clearly impact Aguila's claims against Evans Fruit based on alleged conduct by Sanchez.

**ORDER DENYING MOTION FOR RECONSIDERATION-** 5

## III. CONCLUSION

Rule 60(b)(6) relief is not available to the Defendant. Accordingly, Defendant's Motion For Reconsideration Of Order Reinstating Plaintiffs' Claims On Behalf Of Gregorio Aguila (ECF No. 299) is **DENIED**.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies of the same to counsel of record.

**DATED** this ___5th___ day of December, 2013.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION-        6**